Paul B. Mengedoth (018507)
**MENGEDOTH LAW PLLC**
20909 N. 90th Place, Suite 211
Scottsdale, AZ 85255
Tel: (480) 778-9100
Fax: (480) 778-9101
E-mail:  paul@mengedothlaw.com

Attorney for Plaintiff David E. Slattery, Jr.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID E. SLATTERY, JR., an individual, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| TRANS UNION LLC, a Delaware limited liability company and EQUIFAX INFORMATION SOLUTIONS LLC, a Georgia limited liability company, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff David E. Slattery, Jr. (hereinafter "Plaintiff" or "Mr. Slattery"), by and through undersigned, and for his cause of action against Defendant Trans Union LLC, (hereinafter "Trans Union") and Defendant Equifax Information Solutions LLC (hereafter "Equifax") states as follows:

## I.    PRELIMINARY STATEMENT

1.    Mr. Slattery brings this action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq*. ("Fair Credit Reporting Act" or "FCRA") against two consumer reporting agencies ("CRAs"), Trans

Union and Equifax, for their respective violations of the FCRA based on their mixing of Mr. Slattery's credit file with his father, David Slattery.

2.    When Congress enacted the FCRA in 1970 it mandated that CRAs "maintain reasonable procedures to assure the maximum possible accuracy of the information" compiled regarding a consumer about whom a consumer report relates.

3.    Mixed files are a serious problem in the credit reporting industry. According to the Federal Trade Commission consent orders, the term "mixed file" means a consumer report in which some or all of the information pertains to a consumer other than the consumer who is the subject of that consumer report. Indeed, both defendants have internal documents concerning mixed files, including manuals and procedures for identifying mixed files and handling mixed file disputes.

4.    Mixed files create a false description of a consumer's credit history. Further, mixed files result in the disclosure of a consumer's personal information when the consumer did not apply for credit, employment, housing or insurance.

5.    Mixed files are not a new phenomenon. Consumer reporting agencies have known about mixed files for at least forty (40) years. *See Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509 (5th Cir. 1982). Defendants were aware of the *Thompson* case before they furnished false, mixed information from Plaintiff's credit file to third parties.

6.    Mixed files occur despite consumers' unique personal identifying information, such as social security numbers. Defendants' matching logic allows information to be included in a consumer's file even when the Social Security Numbers do not match nine out of nine digits.

7.    For example, CRAs have been known to mix files when the consumer's names are similar, but the Social Security numbers match seven out of nine digits. *See Apodaca v. Discover Fin. Servs.*, 417 F.Supp. 2d 1220 (D.N.M. 2006). Defendants were aware of the *Apodaca* case before they furnished false, mixed information from Plaintiff's credit file to third parties. In the mid-1990's, the Federal Trade Commission

("FTC") and various state attorney generals' offices, including Alabama, Arkansas, California, Connecticut, Delaware, Florida, Idaho, Illinois, Louisiana, Michigan, Minnesota, Missouri, Nevada, New Hampshire, New Mexico, New York, Ohio, Pennsylvania, Rhode Island, Texas, Utah and Washington charged the nationwide consumer reporting agencies with violations of the FCRA. The government enforcement actions required the CRAs to improve their procedures to prevent mixed files. *See FTC v. TRW, Inc.*, 784 F.Supp. 361 (N.D. Tex. 1991)(amended by N.D. Tex. Jan. 14, 1993)(agreed order amending consent order);[1] *TRW, Inc. v. Morales*, CV-3-91-1340-H (N.D. Tex. Dec. 10, 1991); *In re Equifax Credit Information Services, Inc.*, (June 22, 1992); *In the Matter of Equifax Credit Information Services, Inc.*, 12 F.T.C. 577 (Aug. 14, 1995); *In the Matter of Equifax Credit Information Services, Inc.*, 61 Fed. Reg. 15484 (Apr. 8, 1996); and *Alabama v. Trans Union, Corp.,* CV- 92C 7101 (N.D. Ill. Oct. 26, 1992). The CRAs agreed to, *inter alia*, to maintain reasonable procedures to avoid: (i) including a consumer report information identifiable as pertaining to a consumer other than the consumer for whom a permissible purpose exists for obtaining such report; and (ii) displaying files identifiable as pertaining to more than one consumer in response to a subscriber request on one consumer. Further, Defendants agreed to prevent reporting to subscribers that credit information pertains to a particular consumer unless the CRA has identified such information by at least two of the following identifiers: (i) the consumer's name; (ii) the consumer's Social Security number; (iii) the consumer's date of birth; (iv) the consumer's account number with a subscriber or a similar identifier unique to the consumer. For public record information, in the event the public record information does not include at least two of the above-described personal attributes, the Defendants agreed to identify the public record information by the consumer's full name (including middle initial and suffix, if available) together with the consumer's full address.

8.      In 2007, Angela Williams sued Equifax in Florida and alleged that it

---

[1] In 1996, TRW became Experian.

mixed her file with another consumer with a similar name. The jury found in favor of Angela Williams and entered a substantial verdict against Equifax. All defendants were aware of that judgment before they furnished false, mixed information from Plaintiff's credit file to third parties.

9. In July of 2013, Ms. Miller sued Equifax in Oregon and alleged that it mixed her file with another consumer who had a different social security number, date of birth and address. The jury found in favor of Ms. Miller and entered a substantial verdict against Equifax. Defendants were aware of that judgment before they furnished false, mixed information from Plaintiff's credit file to third parties.

10. In 2002, Ms. Judy Thomas sued Defendant Trans Union in Oregon and alleged it mixed her file with another consumer. The jury found in favor of Ms. Thomas and entered a substantial verdict against Trans Union. Defendants were aware of the judgment before Plaintiff filed this Complaint.

11. Despite federal law, Congressional mandates, federal and state government enforcement actions, and hundreds of consumer lawsuits, mixed files remain a significant problem for consumers, including Mr. Slattery.

12. The instant lawsuit seeks compensatory, statutory and punitive damages, costs of suit and attorneys' fees for Mr. Slattery, resulting from Defendants' failure to comply with the FCRA.

## II. JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

15. Plaintiff is an adult citizen of the State of Arizona and resides within this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(C).

16. Defendant Trans Union, LLC is a Delaware limited liability company with its principal place of business in the state of Illinois and does business in this judicial district. It outsources consumer disputes to vendors in India, including

Intelenet. At all times relevant hereto, its vendors acted as its agent. It is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

17.     Defendant Equifax Information Services, LLC is a Georgia limited liability company with its principal place of business in the state of Georgia. Equifax does business in this judicial district. Equifax outsources consumer requests to vendor companies in Costa Rica, India and the Philippines. At all times relevant hereto, Equifax's vendors acted as agents for Equifax. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

18.     Defendants regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined by 15 U.S.C. §1681a(f) to third parties. Further, Defendants disburse consumer reports to third parties for monetary compensation.

### III.     FACTUAL ALLEGATIONS

19.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter referred to as the "Inaccurate Information").

20.     Specifically, the Inaccurate Information did not pertain to Plaintiff, and included, but is not limited to, respectively:

(a) Defendant Trans Union reporting (i) a judgment  in favor of 12 East 88TH LLC against David Slattery in the amount of $23,878 in Manhattan Circuit Court, New York, (ii) a judgment in favor of Midland Funding LLC in the amount of $3,589   in Douglas County Court, Nebraska, (iii) a medical collections account (#9065XXXX) in the amount of $872.00, (iv) a medical collections account (#9065XXXX) in the amount of $1,033.00, (v) personally identifying date of birth information not belonging to Plaintiff but instead to his father, and (vi) address information at 9741 Fieldcrest Dr., Omaha, NE; and

(b) Equifax reporting (i) a judgment in favor of 12 East 88TH LLC against David Slattery in the amount of $23,878 in an unspecified court in New York, (ii) a SYNCB/JC PENNY's revolving account (600889577792XXX), and (iii) personally identifying address information at 62 E 66TH St. APT 2, New York, New York.

21.    The foregoing judgements were entered against Mr. Slattery's father, and they have never pertained to Plaintiff.

22.    On or around August 18, 2016, Defendants furnished the Inaccurate Information to Credit InfoNet, a reseller, who in turn furnished it to Plaintiff.

23.    On or about September 23, 2016, Defendant Trans Union furnished the Inaccurate Information to Plaintiff.

24.    On or about September 23, 2016 Defendant Equifax also furnished the Inaccurate Information to Plaintiff.

25.    Defendants have disclosed Plaintiff's file to persons requesting the file of a different consumer. The identities of all the recipients and dates of each unlawful disclosure are unknown to Plaintiff at this time.

26.    It is presently known to Plaintiff that Trans Union permitted unauthorized inquiries into Plaintiff's credit file and without any permissible purpose to do so to Bank of America on or about December 25, 2015, July 15, 2015, and February 25, 2015, and Equifax permitted unauthorized inquiries into Plaintiff's credit file and without a permissible purpose by CCB/PPC ("Comenity Bank/Paypal") for account review on June 7, 2016, February 9, 2016, and September 29, 2015.

27.    The Defendants' foregoing impermissible furnishing of Plaintiff's credit file was unknown to Plaintiff until after September 23, 2016, and Defendants furnished one or more items of Inaccurate Information to the respective recipient.

28.    On or about November 4, 2016, Plaintiff disputed the Inaccurate Information to Equifax, which Equifax acknowledged in response that it had mixed and deleted at least some of the Inaccurate Information.

29.   On or about November 4, 2016, Plaintiff also disputed the Inaccurate Information in writing by mail to Defendant Trans Union, but the dispute was returned to sender with no forwarding address information.

30.   On or about December 21, 2016, Plaintiff again disputed the Inaccurate Information in writing by mail to Defendant Trans Union, which dispute it received on December 28, 2016.

31.   Defendant Trans Union failed to conduct any or a reasonable investigation or reinvestigation of Plaintiff's second written dispute and delete or correct all the Inaccurate Information within thirty (30) days of its receipt of Plaintiff's dispute.

32.   Defendant Trans Union had all the requisite information necessary to process Plaintiff's dispute at the time.  Instead, Defendant Trans Union simply sent out a standardized form requesting additional identifying information from Plaintiff despite the fact it already knew or should have known it was mixing Plaintiff's credit file with his father.

33.   Thereafter, in January of 2017, Plaintiff applied for credit with U.S. Bank and was denied credit based in whole or substantial part due to the Inaccurate Information Defendant Trans Union furnished to U.S. Bank in connection with Plaintiff's application for credit.

34.   In or about late February or early March 2017, Plaintiff applied for credit with RJ O'Brien & Associates LLC and was denied credit based in whole or substantial part due to the Inaccurate Information Defendant Trans Union furnished to U.S. Bank in connection with Plaintiff's application for credit.

35.   On or about Mach 14, 2016, Plaintiff again disputed the Inaccurate Information in writing by mail to Defendant Trans Union.

36.   Defendant Trans Union failed to conduct any or a reasonable investigation or reinvestigation of Plaintiff's third written dispute and delete or correct all the Inaccurate Information or notify Plaintiff of the results of his investigation of Plaintiff's

third written dispute within thirty (30) days of its receipt of Plaintiff's third written dispute.

37.    Defendants failed and/or refused to provide Plaintiff a copy of his full credit file upon Plaintiff's request.

38.    Defendants allowed and/or used loose match criteria to determine whether to include information pertaining to a person with a different Social Security number, date of birth, and living at a different address within Mr. Slattery's consumer report.

39.    Based on credit score models, the Inaccurate Information contained in Mr. Slattery's file negatively affects his credit score. In other words, incorrect consumer reports prepared by Defendants decreased Mr. Slattery's credit score and increased the perceived risk to his existing and potential creditors and insurers.

40.    Upon information and belief, Mr. Slattery's credit score is lower when the Incorrect Information is considered when calculating his credit score.

41.    More generally, the Incorrect Information reflects negatively on Mr. Slattery, his financial responsibility as a debtor his credit worthiness and inaccurately depicts him as requiring creditors to reduce alleged amounts owing to judgment.

42.    Defendants Trans Union and Equifax never contacted third parties that would have relevant information concerning the Inaccurate Information before furnishing reports to third parties about Mr. Slattery.

43.    Defendant Trans Union never contacted Mr. Slattery or his father to follow up on, verify and/or elicit more specific information about Plaintiff's disputes other than to request unnecessary personal identifying information claimed to be necessary to initiate its investigation of Plaintiff's valid disputes.

44.    Defendants have never requested or obtained any credit applications, court records, or other relevant documents from the entities (the identities of which are unknown to Plaintiff at this time) furnishing the Inaccurate Information.

45.    Because defendants had mixed his credit information with his father, Plaintiff was forced to forego financing for goods and services he desired until the

Inaccurate Information they maintained in their files and furnished about him was deleted.

46.     Defendants failed to assure the maximum possible accuracy of the consumer report concerning Plaintiff that it supplied to persons.

47.     At all times relevant hereto, the defendants were acting through their agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of the defendants.

48.     The Defendants' unlawful conduct proximately caused Plaintiff's actual damages, including but not limited to: harm to credit reputation; credit denials; unfavorable credit terms; reduction in credit score; Plaintiff foregoing access to credit; emotional distress and mental anguish with and without attendant physical injury; worry; frustration; out-of-pocket expenses; and loss of time.

**IV.CAUSES OF ACTION**

**COUNT I**
**WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681e(b)**
***Plaintiff v. Defendants***

49.     Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

50.     Defendants are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681e(b).

51.     Defendants violated 15 U.S.C. §1681e(b) by failing to establish or follow reasonable procedures to assure the maximum accuracy in the preparation of the credit report and credit files they published and maintained concerning Plaintiff.

52.     Pursuant to 15 U.S.C. § 1681o of the FCRA, the Defendants' actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of his actual damages as well as attorneys' fees and costs.

53.     In addition, the Defendants' actions in willfully violating the FCRA entitle the Plaintiff to the recovery of his actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

54.     Defendants' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

55.     Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

56.     Plaintiff seeks judgment in his favor against Defendants based on the following relief requested: (a) Actual damages; (b) Statutory damages; (c) Punitive Damages; (d) Costs and reasonable attorneys' fees; and (e) Such other and further relief as may be necessary, just and proper.

## COUNT II
**WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681i**
***Plaintiff v. Defendant Trans Union***

57.     Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

58.     Defendant Trans Union violated 15 U.S.C. §1681i on multiple occasions by failing to: delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; conduct a lawful investigation; timely respond to Plaintiff's valid disputes; forward all relevant information to the furnisher of the inaccurate information; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it had reason to know is unreliable.

59.     Defendant Trans Union's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

60.     Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, Trans Union's actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of his actual damages as well as attorneys' fees and costs.

61.    In addition, Trans Union's actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of his actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

62.    Plaintiff seeks judgment in his favor against Trans Union based on the following relief requested: (a) Actual damages; (b) Statutory damages; (c) Punitive Damages; (d) Costs and reasonable attorneys' fees; and (e) Such other and further relief as may be necessary, just and proper.

## COUNT III

### WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681d
### *Plaintiff v. Defendants*

63.    Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

64.    Defendants furnished the consumer reports about Plaintiff without Plaintiff's authorization and without any permissible purpose.

65.    Defendants are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act, 15 U.S.C. §1681d.

66.    Pursuant to 15 U.S.C. § 1681o of the FCRA, Defendants' actions in negligently violating the FCRA entitle the Plaintiff to recovery of his actual damages as well as attorneys' fees and costs.

67.    In addition, Defendants' actions in willfully violating the FCRA entitle the Plaintiff to the recovery of his actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

68.    Plaintiff seeks judgment in his favor against Defendants based on the following relief requested: (a) Actual damages; (b) Statutory damages; (c) Punitive Damages; (d) Costs and reasonable attorneys' fees; and (e) Such other and further relief as may be necessary, just and proper.

## COUNT IV

**WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681g**
*Plaintiff v. Defendants*

69.     Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

70.     Defendants did not clearly and accurately disclose to Plaintiff all the information in his file at the time of his requests.

71.     Defendants are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act, 15 U.S.C. §1681g.

72.     Pursuant to 15 U.S.C. § 1681o of the FCRA, Defendants' actions in negligently violating the FCRA entitle the Plaintiff to recovery of his actual damages as well as attorneys' fees and costs.

73.     In addition, Defendants' actions in willfully violating the FCRA entitle the Plaintiff to the recovery of his actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

74.     Plaintiff seeks judgment in his favor against Defendant Equifax and Defendant Trans Union based on the following relief requested: (a) Actual damages; (b) Statutory damages; (c) Punitive Damages; (d) Costs and reasonable attorneys' fees; and (e) Such other and further relief as may be necessary, just and proper.

## V.     DEMAND FOR JURY TRIAL

75.     Plaintiff demands a trial by jury as to all issues so triable.

DATED the 16th day of May, 2017.          **MENGEDOTH LAW PLLC**


___/s/ Paul B. Mengedoth_____
Paul B. Mengedoth
20909 N. 90th Place, Suite 211
Scottsdale, AZ 85255
Attorney for Plaintiff David E. Slattery, Jr.